# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. COLLIER, JR., | CASE NO. 1:11-cv-00270-LJO-SAB |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER BE DENIED** |
| v. | |
| J. DREHER, et al., | |
| Defendants. | |
| | (ECF No. 11) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff William H. Collier, Jr. ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding against Defendant Dreher for violations of Due Process and Plaintiff's right of access to the courts. Plaintiff alleges that Defendant Dreher intentionally falsified a document relied upon in determining the length of his sentence and prevented Plaintiff from mailing an objection in another case that led to his action being dismissed. (ECF Nos. 13, 15, 17.) On April 11, 2012, Plaintiff filed a motion for a preliminary injunction or temporary restraining order directing all federal agencies to cease communication concerning Case No. CR-84-684 JPV until it is fully litigated.

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and

particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers v. Earth Island Institute</u>, 129 S. Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010).

This action is proceeding only against Defendant Dreher. Plaintiff is seeking an injunction directed to federal agencies that are not parties to this action. This court does not have jurisdiction to order non-party federal agencies to cease communications regarding Plaintiff's criminal case. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction or temporary restraining order be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 7, 2013**              /s/ **Stanley A. Boone**
                                                          UNITED STATES MAGISTRATE JUDGE