# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. COLLIER, JR., <br><br> Plaintiff, <br><br> v. <br><br> J. DREHER, et al., <br><br> Defendants. | Case No. 1:11-cv-00270-LJO-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION <br><br> (ECF No. 24) |

  Plaintiff William H. Collier, Jr. ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding against Defendant Dreher for violations of Due Process and Plaintiff's right of access to the courts.

  On April 11, 2012, Plaintiff filed a motion for a preliminary injunction or temporary restraining order directing all federal agencies to cease communication concerning Case No. CR-

1

84-684 JPV until it is fully litigated. (ECF No. 11.)  On February 7, 2013, the Magistrate Judge issued a findings and recommendations recommending denying Plaintiff's motion.  (ECF No. 20.)  On March 27, 2013, the Court issued an order adopting the findings and recommendations. (ECF No. 22.)  On April 18, Plaintiff filed objections to the findings and recommendations and a motion for leave regarding the findings and recommendations.  (ECF Nos. 23 & 24.)  The Court construes this motion as a motion for reconsideration.

      Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id.  Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

      In Plaintiff's motion for reconsideration, he simply restates his prior arguments and does not present newly discovered evidence, clear error, or an intervening change in the law. Thus, the

Court denies Plaintiff's motion to reconsider this Court's order adopting the findings and recommendations.

    Accordingly, Plaintiff's April 18, 2013 motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

    Dated: **April 23, 2013**       **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE