UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. COLLIER, JR., | Case No.:1:11-cv-00270-LJO-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS COMPLAINT |
| v. | |
| J. DREHER, et al., | [ECF No. 31] |
| Defendants. | |

Plaintiff William H. Collier, Jr. is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff initiated the instant action on February 14, 2011. On April 11, 2012, the Court granted Plaintiff's motion to file an amended complaint. On October 26, 2012, the Court screened the complaint and ordered Plaintiff to either file an amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable. On November 26, 2012, Plaintiff notified the Court of his intent to proceed on the claims found to be cognizable. Therefore, on November 28, 2012, Findings and Recommendations were issued recommending that the action proceed only against Defendant Dreher for a due process and access to the court violation stemming from intentionally

1

falsifying a document relied upon in determining the length of Plaintiff's prison sentence and preventing Plaintiff to mail an objection in another action which led to the dismissal of the action. The Findings and Recommendations were adopted in full on December 18, 2012.

Now pending before the Court is Defendant's motion to dismiss the complaint. Plaintiff filed an opposition on January 27, 2014.

## II.

## FACTUAL BACKGROUND

In order to fully analyze Petitioner's claim, the Court will set forth the factual background of Plaintiff's confinement.[1] On March 11, 1999, the Federal Bureau of Prison (BOP) released Plaintiff via mandatory release (on parole) from a 1985 sentence for armed robbery. Collier v. Fulwood, et al., No. 1:10-cv-00205-LJO-DLB, 2010 WL 2555174, *1. On November 28, 2000, while on parole, Plaintiff committed new criminal conduct of armed bank robbery.

On April 13, 2011, the United States Parole Commission (USPC) issued a warrant for a mandatory release violation based on Plaintiff's new criminal conduct. Id. On the second page of the warrant, it specifically instructed: "Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. Exs. A & B to habeas petition in case number 1:10-cv-00205-LJO-DLB; see also Collier v. Fulwood, et al., 2010 WL 2555174 *3.

On January 25, 2002, the United States District Court, Southern District of Nevada, sentenced Plaintiff to a 123-month term for armed bank robbery, aiding and abetting, and use of a firearm during and in relation to a crime of violence. Collier v. Fulwood, et al., 2010 WL 2555174 at *1. On March

---

[1] The Court grants Defendant's request to take judicial notice of the petition for writ of habeas corpus in case number 1:10-cv-00205-LJO-DLB (Exhibit A, to Request for Judicial Notice (RJN)), the Findings and Recommendations issued June 18, 2010, in case number 1:10-cv00205-LJO-DLB (Exhibit B, to RJN), Collier v. Fulwood, et al., 2010 WL 2555174 (E.D. Cal. June 18, 2010), and the Judgment dated March 31, 2003, State of Nevada v. William Collier, Case No. C187074, District Court, Clark County, Nevada (Exhibit C, to RJN). Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

6, 2002, the United States Marshal Service (USMS) erroneously executed the outstanding parole violator warrant, in contradiction to the express direction of the USPC that the warrant was not to be executed if "subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission." Id. at *3.

On March 22, 2002, a staff member at the United States Penitentiary (USP), in Atwater "further executed" the warrant, indicating the inmate had been committed to the custody of Warden J.T. O'Brien at USP Atwater.  See Ex. A to habeas petition in case number 1:10-cv-00205. On November 8, 2002, "the error [the erroneous execution of the warrant] was corrected and [Plaintiff] was notified that the warrant was changed to a detainer." Collier v. Fulwood et al., 2010 WL 2555174 at *3.

On March 17, 2003, Plaintiff pled guilty to burglary and robbery with use of a deadly weapon in Nevada state court, and was sentenced to "a MAXIMUM of TWENTY-FIVE (25) YEARS and a MINIMUM of TEN (10) YEARS in the Nevada Department of Corrections." See Judgment of Conviction, State of Nevada v. Williams Collier.

Plaintiff completed his federal sentence on December 15, 2009.  However, based on a detainer issued by the USPC, Plaintiff remained in federal custody pending action by the USPC. Collier v. Fulwood, et al., 2010 WL 2555174 at *1. On March 9, 2010, the USPC issued a Notice of Action regarding Plaintiff's mandatory release violation, and directed the BOP to commence the term on December 15, 2009. Id.

On March 25, 2010, a revocation hearing took place.  On April 25, 2010, a Notice of Action was issued by the USPC finding Plaintiff had violated the terms of his release.  The USPC revoked his mandatory release and directed that Plaintiff be re-paroled effective July 6, 2010. Id.  The BOP updated Plaintiff's sentence computation as directed by the USPC. Id.

On July 6, 2010, Plaintiff was paroled from federal custody and transferred to the custody of the State of Nevada to complete serving his ten to twenty-five year state sentence.  Plaintiff is currently in the custody of the State of Nevada.

///

///

3

# III.

# DISCUSSION

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Due Process Claim

Respondent argues that Plaintiff's due process claim is barred by the doctrine of collateral estoppel. Plaintiff opposes Defendants' motion.

The doctrine of collateral estoppel, or issue preclusion, prevents re-litigation of legal and/or factual issues necessarily considered and determined in a prior legal proceeding between the same parties, or their privies. See Allen v. McCurry, 449 U.S. 90, 94 (1980). The collateral estoppel doctrine applies with equal force to claim brought under § 1983. Id. at 105. Collateral estoppel bars

1 relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue
2 necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;
3 (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom
4 collateral estoppel is asserted was a party or in privy with a party at the first proceeding. Reyn's Pasta
5 Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

6       Plaintiff's present claim is based on the fact that he was improperly detained by federal
7 authorities from December 15, 2009, until July 6, 2010. In his habeas corpus petition in case number
8 1:10-cv-00205, Plaintiff contended that he did not receive a timely parole revocation hearing or any
9 good time credits toward his sentence. Plaintiff's argument was based on the precise allegations raised
10 anew in the present complaint, namely, Plaintiff contended his parole violator warrant was executed in
11 2002, and he should have received a parole revocation hearing at that time. Plaintiff further contends
12 that BOP staff, after learning of the mistake, fraudulently altered the USMS return to the parole
13 violator warrant to make it appear that the warrant had not been executed until 2009.

14       In ruling on Plaintiff's petition for writ of habeas corpus, this Court specifically found that
15 the parole warrant was executed in error on March 6, 2002, because the USPC directed BOP to not
16 execute the warrant if "subject is being held in custody on other Federal, State, or Local charge."
17 Collier v. Fulwood, et al., 2010 WL 2555174 *3. Consequently, because the warrant was executed
18 contrary to the USPC's instructions, the execution was invalid. Id.

19       The issues raised in the instant complaint are identical (with the exception of now naming and
20 seeking damages against Ms. Dreher individually) to those raised in the habeas petition. Plaintiff
21 litigated these issues, which resulted in a final judgment against him on the merits. Consequently,
22 Plaintiff's present due process challenge is barred from further review by the doctrine of collateral
23 estoppel. See, e.g., Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993) (holding that prior federal
24 habeas decision had preclusive effect in Section 1983 action in which plaintiff raised the same issues,
25 even though plaintiff sought different relief in second action); Vogelsang v. Zine, No. 2:09-cv-02885-
26 JAM KJM PS, 2010 WL 2737190 (E.D. Cal. July 9, 2010) (holding that plaintiff's claim of wrongful

27
28

confinement "is barred by collateral estoppel because he has fully litigated this issue in the federal courts, both on direct appeal on a habeas petition, both of which were dismissed on the merits.")[2]

### C. Access to the Court Claim

Defendant argues that Plaintiff has not pled facts sufficient to demonstrate personal involvement in the alleged interference with his access to the courts claim.

As an initial matter, Defendant correctly points out that Plaintiff's initial complaint asserted that Dreher prevented the legal mail room from sending out Plaintiff's legal mail. ECF No. 1, at 3. However, on April 11, 2012, Plaintiff filed a motion for leave to file an amended complaint, along with an amended complaint. On September 18, 2012, the Court granted Plaintiff's request to file an amended complaint. ECF No. 12. Plaintiff's first amended complaint repeated the allegation that Defendant Dreher committed fraud by falsifying official documents, but there was no reference to the claim that Dreher interfered with his legal mail. (Compare ECF Nos 1 & 10.) In any event, such claim lacks merit.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Here, Plaintiff has failed to allege facts from which the Court could reasonably infer that his ability to pursue a non-frivolous action was frustrated by Defendant Dreher's alleged interference with his legal mail, i.e. the mailing of objections to the Findings and Recommendations issued in case number 1:10-cv-00205-LJO-DLB. Plaintiff has failed to allege how his objection would have changed the Court's findings or that the Court's ruling was incorrect. The record in Plaintiff's habeas corpus

---

[2] Because the Court finds that Plaintiff's present challenge is barred by the doctrine of collateral estoppel, the Court need not and does not address Defendant's alternative argument that the claim fails to state a cognizable constitutional violation.

action demonstrates that the denial of the petition was based wholly on the lack of merit of Plaintiff's claim, which is unrelated to the fact that he did not file objections. It is simply not enough to allege that he deprived of the ability to file objections. Plaintiff must present legally or factually arguable claims to identify how he was prejudiced, in that the result of the outcome would have been different. Plaintiff's vague and conclusory allegations of denial of access to the court fall short of the pleading standard necessary to state a cognizable claim. Iqbal, 556 U.S. at 681-682; Lewis, 518 U.S. at 354.

## IV.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss the instant action be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 21, 2014**

UNITED STATES MAGISTRATE JUDGE